R. A. LOGAN *v.* T. H. CRAWFORD ET AL.

**Judgment—Amended Petition.**
> A judgment on an amended petition, though unanswered, will not be disturbed, where said petition is not made a part of the record on appeal.

APPEAL FROM OLDHAM CIRCUIT COURT.

April 15, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

August 8, 1859, R. A. Logan sold and conveyed three lots in LaGrange to John A. Penton, trustee for Emily Jane Trimble and her children, then in being and to be born, for $2,500, to be paid in five equal instalments, the first on October 15th, thereafter, the others annually after the date of the deed, for which notes were

executed by John Trimble, Jr. Two of these annual payments, those of 1861 and 1862 by various assignments came to the ownership of A. L. Crothers, the one due August 8, 1861, was sued in the name of Brent Hopkins, who then owned it; in September after it was due and judgment thereon was rendered, and execution had, and returned "no property found;" both these notes had been assigned to Brent Hopkins and by him to Crothers.

The note due August 8, 1863, was also assigned to said Hopkins and by him to R. G. Beverly. Crothers and Beverly filed separate suits in equity to enforce their lien upon the property which were afterwards consolidated and Logan still holding the other payments was made a party and required to file his claims. Various amended pleadings were made and orders taken and considerable delay in subjecting the property before it was finally adjudged to be sold March 28, 1866, when T. H. Crawford purchased it at $1,600 on three instalments at 4, 8 and 12 months.

Crothers in the meantime having died, his administrator D. Rickets and Beverly and Hopkins assigned the remainder of said notes to Crawford, with a right to prosecute their claims on Logan, as the original assignor. After which a supplemental petition was filed in equity in the Oldham circuit court in the name of said Rickets as administrator, Beverly and Crawford setting out the assignments and reassignments and then the assignment to Crawford and sought a judgment against Logan as assignor for the remainder, not satisfied by the sale of the property, of $564.55 with interest from May 21, 1866.

Summons was taken out upon this supplemental petition and served on Logan in Jefferson county, subsequently Logan appeared and demurred for several causes, but did not object to the jurisdiction of the court.

After which the cause was transferred to the ordinary docket, but on whose motion does not appear.

After which plaintiffs *filed an amended petition,* to which Logan objected, which was overruled and exception. Then at Logan's instance a rule was issued against Crawford to pay into court Logan's pro rata of the sale price of the property, which was made absolute and reference made to the master to ascertain the same.

Subsequently to this, September 24, 1868, judgment was rendered by default against Logan in Crawford's favor for "five

hundred and fifty dollars, *the amount claimed in said amended petition,* with interest thereon from May 21, 1868." Said Logan never having answered, from this judgment Logan appealed and Crawford has a cross-appeal insisting that his judgment is not sufficiently large.

The amended petition upon which this judgment is evidently based is not in the record, but the clerk makes a note that it has been misplaced or lost and no means have been taken by either party to supply it.

In its absence this court cannot say that there was any error in the judgment against either party, on the contrary every legal presumption is to be indulged that it was right. As this was an independent cause of action against Logan not necessarily, and, in fact, not connected with the suits to subject the property for its purchase price, and he being served with process in Jefferson county where it may be presumed he lived, had he objected to the jurisdiction of the Oldham circuit court it would most likely have defeated the action there, but as heretofore decided if a party shall appear in this class of cases, and not object to the jurisdiction of the court he thereby waives it.

The supplemental petition does not aver that John Trimble, the obligor in the notes, left Kentucky before Crothers' notes fell due, and Beverly's note was not due until one year thereafter, it of course is equivalent to the so averring as to his. It is also averred that Trimble was insolvent when he left and this is also manifested by return of no property on an execution on one of Crothers' debts. The averments prima facie, show Logan's responsibility on his assignments, but if such was not the case we could not reverse in the absence of the last amended petition.

Wherefore, the judgment is *affirmed* on the original and cross-appeal without damages, no supersedeas appearing.

*Lindsay,* for appellant.

*Rodman,* for appellee.